```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


PAMELA WARREN and DAVID WARREN,    )
                                   )
              Plaintiffs,          )
                                   )
       v.                          )    No. 4:10 CV 1346 DDN
                                   )
HOWMEDICA OSTEONICS CORP.          )
                                   )
              Defendant.           )
```

### MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiffs Pamela Warren and David Warren to quash. (Doc. 42.) Oral arguments were heard on August 24, 2011.

On July 14, 2011, defendant Howmedica Osteonics Corporation served Jefferson Memorial Hospital a subpoena for:

> Any and all records, reports, billing records, films, x-rays, MRI, CT Scans pertaining to your care and treatment of Pamela Warren. . . .

(Doc. 42-1.) Plaintiffs filed the instant motion to quash this subpoena on the grounds that it is overly broad and seeks information protected by the physician-patient privilege. Plaintiffs argue that only medical issues relating to Pamela Warren's hip are discoverable, and seek to limit the scope of discovery accordingly. Defendant argues that the allegations in plaintiffs' complaint are broad, and that almost all medical testing and treatment could be relevant to plaintiffs' claims.

Missouri law governs the scope of the physician-patient privilege in this case. Fed. R. Evid. 501; In re Baycol Prods. Litig., 219 F.R.D. 468, 469 (D. Minn. 2003). Under Missouri law, the physician-patient privilege precludes discovery of a plaintiff's medical records, absent waiver of the privilege by the plaintiff. Mo. Rev. Stat. § 491.060(5); Ingram v. Mut. of Omaha Ins. Co., 170 F. Supp. 2d 907, 912 (W.D. Mo. 2001). A plaintiff waives this privilege by putting his or her physical condition in issue in the pleadings, "insofar as information from doctors or medical and hospital records bears on that issue." State ex rel. Jones v. Syler, 936 S.W.2d 805, 807 (Mo. 1997) (en banc).

In their petition, plaintiffs allege damages arising from Pamela Warren's "pain, discomfort, loss of mobility, revision surgeries and physical therapy."  (Doc. 1-1 at ¶ 12.)  Plaintiffs also allege that Pamela Warren incurred damages from "suffering, . . . [her inability to perform] work and her usual activities, . . . decreased energy and stamina, . . . [and her decreased ability] to function and enjoy the normal pursuits of life."  (Id. at ¶ 47.)

By the allegations in their petition, plaintiffs have placed many facets of Pamela Warren's health at issue.  The parties have indicated that Pamela Warren has a complex medical history, with hip surgery as early as when she was ten years old.  Given her systemic hip issues and history of morbid obesity, a wide range of medical treatments and diagnoses could be relevant. Defendant is entitled to Jefferson Memorial Hospital's records related to Pamela Warren's hip pain and hip treatment, as well as its records that could contain information relevant to Pamela Warren's hip condition.  For example, records regarding Pamela Warren's gastrointestinal bypass surgery could contain relevant information if x-rays of her hip were obtained, or if blood testing revealed diseases causing pain.  As an example of an area that would be outside the scope of relevance, the parties have agreed that records pertaining to Pamela Warren's prenatal conditions would not contain information relevant to this case.  Such medical records should not be disclosed.

Given Pamela Warren's wide range and long history of medical treatment, the court concludes that defendant is entitled to discover more information than is only directly related to her hip condition. However, because the parties may not know what all information the hospital has to disclose about plaintiff, the court leaves it to the parties to discuss and restate the subpoena to the hospital and to fashion a protective order that protects medical information that is and that might be disclosed but is outside the scope of the subpoena.  The court declines to set temporal or other bright lines defining the scope of discoverable medical records at this time, but will reconsider such issues as discovery unfolds and issue arise.

Therefore, for the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs Pamela and David to quash (Doc. 42) is sustained.  However, defendant may reissue a restated subpoena to the hospital, after conferring with plaintiffs.

       /S/   David D. Noce
      **UNITED STATES MAGISTRATE JUDGE**

Signed on September 2, 2011.